## FARMERS SUPPLY COMPANY *et al. v.* DUBLIN IRON WORKS.

LEWIS, J. 1. When the testimony of witnesses for the plaintiff manifestly relates to the particular claim or demand against the defendant declared upon in the petition, and to no other, and, if credible, shows that such claim is just, due, and unpaid, the amount thereof, as stated in the petition, is sufficiently established, as against a defense which raises no question of amount, but simply sets up non-liability for any amount. *McKenna* v. *Bragdon*, 108 *Ga.* 796.

2. The city court committed no error in rejecting testimony, and the plaintiff's action was not, under the evidence introduced in its behalf, which was found true, prematurely brought. As the evidence was conflicting, the superior court did not err in overruling the certiorari; and the writ of error being so palpably without merit that this court must conclude it was sued out for delay only, damages are awarded against the plaintiffs in error.

        *Judgment affirmed, with damages. All the Justices concurring.*

Argued March 20, — Decided April 11, 1900.

Certiorari. Before Judge Hart. Laurens superior court. July term, 1899.

*James B. Sanders*, for plaintiffs in error.

*John S. Adams* and *Alexander Akerman*, contra.

---

## LAWSON *v.* LAWSON.

LEWIS, J. In view of the provisions of section 2503 of the Civil Code, and of the evidence disclosed by the record, it appears that the ordinary's discretion was wisely exercised in awarding to the mother the custody of the children concerning whom the controversy existed, and that the superior court did not err in refusing to sanction the petition for certiorari sued out by the father. *Judgment affirmed. All the Justices concurring.*

Submitted March 20, — Decided April 11, 1900.

Petition for certiorari. Before Judge Sheffield. Randolph superior court. January 15, 1900.

*W. C. Worrill*, for plaintiff.